IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| TYRONE COLE, #266538, | ) |
| Plaintiff, | ) ) ) |
| v. | ) CIVIL ACTION NO. 2:20-CV-722-RAH |
| OFFICER SHACKELFORD, et al., | ) ) ) |
| Defendants. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

The plaintiff, a state inmate currently incarcerated at the Kilby Correctional Facility, recently filed this 42 U.S.C. § 1983 action in which he challenges the failure to provide him access to the law library at Kilby. Upon review of the documents filed by the plaintiff, the court found that "[a]lthough [he] filed an application for leave to proceed *in forma pauperis,* he did not submit the requisite documentation from the inmate account clerk at Kilby showing his average monthly balance and average deposits to his inmate account over the last six months. Thus, the pleadings filed by the plaintiff fail[ed] to provide the court with all the information necessary for a determination of whether the plaintiff should be allowed to proceed without prepayment of a filing fee in this cause of action." Doc. 3 at 1.

Based on the foregoing deficiency, the court ordered that on or before October 5, 2020 the plaintiff must file his "prison account statement from the inmate account clerk at Kilby showing the average monthly balance in his prison account for the 6-month period immediately preceding the filing of this complaint and the average monthly deposits to such account during the past six months." Doc. 3 at 1. The order further "**cautioned [the**

1


**plaintiff] that if he fails to comply with the directives of this order the Magistrate Judge will recommend that this case be dismissed for such failure**." Doc. 3 at 1–2 (emphasis in original). Plaintiff's time for filing the documents in response to this order expired on October 5, 2020. Doc. 3 at 1.

As of the present date, the plaintiff has failed to file the requisite financial information and his failure to do so appears to reflect a lack of interest in the continued prosecution of this case. Absent pre-payment of the applicable fees or the granting of *in forma pauperis* status, and without the plaintiff's participation, the instant case cannot proceed before this court. Under these circumstances, the court finds that lesser sanctions than dismissal are not appropriate. *See Abreu-Velez v. Board of Regents of Univ. System of Georgia*, 248 F. App'x 116, 117–18 (11th Cir. 2007). Thus, this case is due to be dismissed. *See Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (holding that, as a general rule, where a litigant has been forewarned dismissal for failure to obey a court order is not an abuse of discretion.); *see also Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–31 (1962) (acknowledging that the authority of courts to impose sanctions for failure to prosecute or obey an order is longstanding and empowers courts "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases."); *Mingo v. Sugar Cane Growers Co-Op of Fla.*, 864 F.2d 101, 102 (11th Cir. 1989) (holding that "[t]he district court possesses the inherent power to police its docket. . . . . The sanctions imposed [upon dilatory litigants] can range from a simple reprimand to an order dismissing the action with or without prejudice.").

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be dismissed without prejudice for the plaintiff's failure to file necessary financial information as ordered by this court.

On or before **December 4, 2020,** the plaintiff may file objections to the Recommendation. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which the objection is made. Frivolous, conclusive, or general objections to the Recommendation will not be considered.

Failure to file written objections to the proposed factual findings and legal conclusions set forth in the Recommendations of the Magistrate Judge shall bar a party from a *de novo* determination by the District Court of these factual findings and legal conclusions and shall "waive the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice. 11TH Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993) ("When the magistrate provides such notice and a party still fails to object to the findings of fact [and law] and those findings are adopted by the district court the party may not challenge them on appeal in the absence of plain error or manifest injustice."); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE on this the 19th day of November, 2020.

/s/ Susan Russ Walker  
Susan Russ Walker  
United States Magistrate Judge